## Case No. 6,717.

### HOTCHKISS v. GLASGOW et al.

[5 McLean, 424.] [1]

Circuit Court, D. Ohio. April Term, 1853.

DEED—JURISDICTION—EVIDENCE—CERTIFIED COPY.

1. A deed, fair upon its face, is not objectionable, as a colorable conveyance to give jurisdiction, unless proof be shown aliunde.

2. A certified copy of a deed, not authenticated by the seal of the recorder, is not admissible in evidence.

[This was a bill in equity by the lessee of H. O. Hotchkiss against Glasgow and others.]

Mr. Taft, for plaintiff.

OPINION OF THE COURT. To sustain the title a deed was offered for the premises from Nathaniel Sawyer to Hotchkiss, which was objected to, as the conveyance was only colorable, to give jurisdiction to the court. Hotchkiss is the son-in-law of Sawyer. The consideration named in the deed is the sum of ten dollars. THE COURT held the deed was good upon its face, as between the parties. In his correspondence with the counsel (Mr. Taft), Mr. Hotchkiss claimed the land as his own. A patent was then offered, to John Lee and Rebecca Greenwood. A deed was then offered from the heirs of Lee to Nathaniel Sawyer, and proof was given that the grantors were the heirs of Lee. A patent to Sawyer and Baylor was then read in evidence. A proceeding was then read in chancery, decreeing the title of Baylor's heirs to Sawyer. A deed, dated 18th June, 1839, was then read from Rebecca Greenwood to N. Sawyer. The copy of the original deed from R. Greenwood was offered, certified by the recorder, but not authenticated by the seal of that officer. THE COURT held that the copy was not authenticated as the statute required, and a nonsuit was, consequently, suffered. A motion to set aside the nonsuit was submitted, but THE COURT overruled the motion.

----

1 [Reported by Hon. John McLean, Circuit Justice.]